IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-01-CR-0094-H(09) |
| | § | NO. 3-07-CV-0883-G |
| CESAR MORENO | § § | |
| Defendant. | § § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Cesar Moreno, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 & 841(a)(1). Punishment was assessed at 63 months confinement followed by supervised release for a period of three years. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel at sentencing because his attorney failed to request a downward departure for aberrant behavior and based on his status as an illegal alien.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446

U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064. Second, the defendant must establish prejudice--that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 699, 148 L.Ed.2d 604 (2001). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). A defendant must affirmatively show how the actions of his attorney deprived him of a fair trial. *Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

B.

Defendant criticizes his attorney for failing to request a downward departure for aberrant behavior. Section 5K2.20 of the Sentencing Guidelines authorizes a district court to depart downward:

> only if the defendant committed a single criminal occurrence or a single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.

U.S.S.G. § 5K2.20(b). However, this same guideline prohibits a court from granting a downward departure if the offense of conviction is a "serious drug trafficking offense." *Id.* § 5K2.20(c)(3). A "serious drug trafficking offense" is defined as "any controlled substance offense under title 21, United States Code, other than simple possession under 21 U.S.C. § 844, that provides for a

mandatory minimum term of imprisonment of five years or greater[.]" *Id.* § 5K2.20, comment. (n.1). Defendant was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine, a drug offense which carries a mandatory minimum sentence of 10 years in prison. *See* 21 U.S.C. § 841(b)(1)(A)(ii).[1] Consequently, defendant was not eligible for a downward departure under section 5K2.20.

C.

Defendant further contends that, as an illegal alien, he is subjected to harsher prison conditions and disparate punishment which makes him eligible for a downward departure. The sentencing guidelines enumerate certain factors that can never be the bases for a departure, such as race and religion, but otherwise do not limit the grounds for imposing a sentence outside the guideline range. *See* U.S.S.G. § 5H1.10 (race, sex, national origin, creed, religion, and socio-economic status not factors relevant to determination of sentence). The Supreme Court has held that if a basis for departure is not mentioned in the guidelines, "the court must, after considering the 'structure and theory of both relevant and individual guidelines and the Guidelines taken as a whole' ... decide whether it is sufficient to take the case out of the Guideline's heartland." *Koon v. United States*, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045, 135 L.Ed.2d 392 (1996) (citation omitted).[2] Departures based on grounds not mentioned in the sentencing guidelines should be "highly infrequent." *Id.*, 116 S.Ct. at 2045, *citing* U.S.S.G., ch. 1, pt. A (1995).

---

[1] Notwithstanding the mandatory minimum sentence for this offense, the district court sentenced defendant to 63 months after granting the government's motion for a downward departure under U.S.S.G. § 5K1.1. (*See* Sent. Tr. at 9).

[2] Although district courts are no longer bound by the sentencing guidelines, *see United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005), "the directive to consider the heartland of an offense and enumerate particular reasons for a departure from the sentencing range lives on in U.S. Sentencing Guideline § 5K2.0 and, implicitly, in [18 U.S.C.] § 3553(a)'s requirement that the court consider the guidelines and the appropriate sentencing range and § 3553(c)'s requirement that the court enumerate reasons for sentencing without the range." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir.), *cert. denied*, 126 S.Ct. 2954 (2006), *quoting United States v. Saldana*, 427 F.3d 298, 310 n.46 (5th Cir.), *cert. denied*, 126 S.Ct. 810 (2005).

Before *Koon*, the Fifth Circuit held that collateral consequences an alien may incur following a federal conviction, such as the likelihood of deportation or ineligibility for more lenient conditions of confinement, were not a basis for downward departure. *See United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993). This authority now has limited precedential value. *See United States v. Garay*, 235 F.3d 230, 233 n.14 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1633 (2001). Indeed, other circuits have recognized that alienage may serve as a potential basis for imposing a sentence below the guideline range. *See, e.g. United States v. DeBeir*, 186 F.3d 561, 569 (4th Cir. 1999); *United States v. Farouil*, 124 F.3d 838, 847 (7th Cir. 1997); *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) (holding that downward departure may be appropriate if defendant's status a deportable alien is likely to cause a "fortuitous increase" in the severity of his incarceration and the greater severity is undeserved). Although defendant was not precluded from seeking a downward departure based on his status as a deportable alien, that does not mean his attorney was ineffective for failing to make such a request. There is no allegation, much less proof, that defendant will be subjected to significantly harsher prison conditions as a result of his alienage. The mere fact that defendant is not eligible for early release to a halfway house and cannot be housed in a minimum security facility is not enough to take this case outside the "heartland" of typical cases covered by the sentencing guidelines. *See, e.g. United States v. Garcia Garcia*, No. 3-02-CV-1947-D, op. at 6 (N.D. Tex. Dec. 10, 2002), *rec. adopted* (N.D. Tex. Jan. 8, 2003),*COA denied*, No. 03-10125 (5th Cir. Jul. 7, 2003), *cert. denied*, 124 S.Ct. 848 (2003); *United States v. Foote*, No. 3-99-CV-0838-R, 2001 WL 671465 at *3 (N.D. Tex. Jun. 12, 2001), *COA denied*, No. 01-10839 (5th Cir. Nov. 16, 2001); *United States v. Angel-Martinez*, 988 F.Supp. 475, 482-84 (D.N.J. 1997). As the court noted in *Foote*:

> Movant has not convinced the Court that the trial court would have exercised its discretion to depart downward in Movant's case. Movant's own speculations about the sentencing phase of the case are

> not sufficient to make a *prima facie* showing that counsel could have done something which would have substantially changed his sentence.

*Foote*, 2001 WL 671465 at *3. This court reaches the same conclusion. Accordingly, this ground for relief should be overruled.

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE